

**FILED**

**August 30, 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FILED

AUG 3 0 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P.,<br><br>              Debtor.<br>──────────────────────── | Case No. 09-29162-D-11 |
| BANK OF MONTREAL, as<br>Administrative Agent,<br><br>              Plaintiff,<br><br>v.<br><br>CSSS, LP, a California limited<br>partnership,<br><br>              Defendant.<br>──────────────────────── | Adv. Pro. No. 09-2543-D<br>Docket Control No. MSS-2 |
| BRADLEY SHARP, et al.,<br><br>              Plaintiffs,<br>v.<br><br>SSC FARMS I, LLC, et al.,<br><br>              Defendants.<br>──────────────────────── | Adv. Pro. No. 09-2692-D<br>Docket Control No. MSS-2 |
| BRADLEY SHARP, et al.,<br><br>              Plaintiffs,<br>v.<br><br>SCOTT SALYER, as trustee of the<br>Scott Salyer Revocable Trust, et<br>al.<br>              Defendants.<br>──────────────────────── | Adv. Pro. No. 10-2014-D<br>Docket Control No. MSS-2 |

| | | |
|---|---|---|
| 1 | BANK OF MONTREAL, as Administrative Agent, | ) | Adv. Pro. No. 10-2015-D |
| 2 | | ) | Docket Control No. MSS-2 |
| 3 | Plaintiff, | ) |
| | v. | ) |
| 4 | | ) |
| 5 | SCOTT SALYER, et al., | ) |
| | Defendants. | ) |
| 6 | _____ | ) |

BANK OF MONTREAL, as
Administrative Agent,

                    Plaintiff,

v.

SCOTT SALYER, et al.,

                    Defendants.
_____ )

Adv. Pro. No. 10-2015-D
Docket Control No. MSS-2

BRADLEY SHARP, et al.,

                    Plaintiffs,
v.

SKF AVIATION, LLC, et al.,

                    Defendants.
_____ )

Adv. Pro. No. 10-2016-D
Docket Control No. MSS-2

BRADLEY SHARP, et al.,

                    Plaintiffs,
v.

FRED SALYER IRREVOCABLE TRUST,
et al.,

                    Defendants.
_____ )

Adv. Pro. No. 10-2017-D
Docket Control No. MSS-2

BANK OF MONTREAL, as
Administrative Agent,

                    Plaintiff,

v.

INTERNAL REVENUE SERVICE, et
al.,

                    Defendants.
_____ )

Adv. Pro. No. 10-2117-D
Docket Control No. RSJ-1

BANK OF MONTREAL, as
Administrative Agent,

                    Plaintiff,

v.

CALIFORNIA FRANCHISE TAX BOARD,
et al.,

                    Defendant.
_____ )

Adv. Pro. No. 11-2339-D
Docket Control Nos. MSS-1 &
                    RSJ-1

| | |
|---|---|
| BANK OF MONTREAL, as<br>Administrative Agent, | Adv. Pro. No. 11-2340-D<br>Docket Control Nos. NMM-1 &<br>RSJ-1 |
| Plaintiff, | |
| v. | |
| CARY SCOTT COLLINS, et al., | |
| Defendants. | |

## CERTIFICATION TO THE UNITED STATES
## COURT OF APPEALS FOR THE NINTH CIRCUIT

Pursuant to 28 U.S.C. § 158(d)(2)(A) and Fed. R. Bankr. P. 8001(f)(2),[1] the court hereby certifies that an immediate appeal from the court's Order filed June 28, 2011 (the "Stay Order") may materially advance the progress of the adversary proceedings in which the appeal is taken, as well as the underlying bankruptcy case. For this reason, the court certifies the Stay Order to the United States Court of Appeal for the Ninth Circuit.

### APPLICABLE LAW

Rule 8001(f)(2) provides that

> [a] certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

As of the time of issuance of this certification, the clerk of the bankruptcy court has not sent to the district court a certificate that the record is complete for purposes of appeal, as provided in Rule 8007(b), nor, to the extent the Stay Order is

---

1. Unless otherwise indicated, all Code, chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

1  interlocutory, has the district court issued a grant of leave to

2  appeal.  Thus, the court concludes that the "matter is pending"

3  in this court, and thus, this court may make a § 158(d)(2)(A)

4  certification.

5                       **BASIS FOR THE CERTIFICATION**

6        The Bank of Montreal and chapter 11 trustee Bradley D. Sharp

7  have filed a joint petition for certification of the Stay Order

8  on several grounds.  Scott Salyer and related entities

9  (collectively, the "Salyer Entities") oppose the request, and

10 Stefanie A. Salyer, Caroline G. Salyer, and their respective

11 trusts, have joined in the opposition.

12       The history of the Stay Order supports the conclusion that

13 an immediate appeal to the Court of Appeal is likely to

14 materially advance the progress of the adversary proceedings and

15 the bankruptcy case, and thus, certification is appropriate

16 pursuant to 28 U.S.C. § 158(d)(2)(A)(iii).  In April 2010, the

17 Salyer Entities filed their first motion for a stay of the

18 adversary proceedings in which this certification is filed.  This

19 court denied the motion on June 1, 2010.  On appeal, on April 14,

20 2011, the district court reversed and remanded to this court to

21 reconsider its order denying the stay.  The Salyer Entities then

22 filed a second motion for a stay, and in light of the standards

23 set forth by the district court in its remand order, this court

24 granted the motion and imposed a stay of the adversary

25 proceedings.  Given the considerations relied on by the district

26 court in the remand order, it is likely the stay of the adversary

27 proceedings will remain in place until the pending criminal

28 / / /

1  proceedings against Scott Salyer have been concluded, a matter of

2  months and probably years.

3      In the meantime, the progress of the adversary proceedings

4  and the trustee's administration of the underlying bankruptcy

5  case are both significantly impeded by the Stay Order.  In light

6  of the district court's remand orders, this court has stayed the

7  adversary proceedings virtually in their entirety, including all

8  discovery that might otherwise be sought from Scott Salyer, the

9  Salyer Entities, and even third parties.  The claims advanced by

10 the trustee in the adversary proceedings represent significant

11 potential assets of the bankruptcy estate, and until the

12 adversary proceedings are resolved, the progress of the

13 bankruptcy case toward a conclusion is at a virtual standstill.

14     Further, as BMO and the trustee point out, further delay

15 poses the risk that evidence and witnesses will become

16 unavailable, and there is a significant risk that assets that

17 might be available for liquidation and distribution to creditors

18 in the bankruptcy case may be dissipated.

19     In light of these circumstances, the court concludes that

20 certification of the Stay Order to the Court of Appeal is likely

21 to materially advance the progress of both the adversary

22 proceedings and the bankruptcy case.  On this basis, the court

23 certifies the Stay Order to the United States Court of Appeal for

24 the Ninth Circuit.

25 Dated: August 30, 2011        *Robert Bardwil*

                               ROBERT S. BARDWIL
26                             United States Bankruptcy Judge

27

28

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

Todd J. Dressel
Chapman and Cutler LLP
595 Market Street 26th Fl
San Francisco CA 94105

James E. Spitto
Ann E. Acker
Chapman and Cutler LLP
111 W Monroe St
Chicago IL 60603

Gregory C. Nuti
Kevin W. Coleman
Schnader Harrison Segal
and Lewis LLP
One Montgomery St #2200
San Francisco CA 94104

Kelly Woodruff
Farella Braun and Martel LLP
235 Montgomery St 17th Fl
San Francisco CA 94104

Richard S.E. Johns
Law Offices of Richard S.E.
Johns
57 Post St #604
San Francisco CA 94104

Office of the U.S. Trustee
501 I St #7-500
Sacramento CA 95814

DATED: 8/30/11         By: _____
                              Deputy Clerk

EDC 3-070 (Rev. 6/28/10)